David Timothy SEIBS *v.* STATE of Arkansas

CR 03–868                                                    166 S.W.3d 16

Supreme Court of Arkansas
Opinion delivered May 6, 2004

[Rehearing denied June 10, 2004.]

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Mike Beebe*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

RAY THORNTON, Justice. Appellant appeals the imposition of a sentence on both counts in his guilty plea to terroristic act, a violation of Ark. Code Ann. § 5-13-301 (Repl. 2002), and manslaughter, a violation of Ark. Code Ann. § 5-10-104 (Repl.

2002). He argues that, under Ark. Code Ann. § 5-1-110 (Repl. 2002), he may not be convicted and sentenced for the terroristic act because it is a lesser-included offense of the manslaughter conviction. We dismiss this appeal for lack of jurisdiction because neither of the exceptions to the general prohibition on appealing a guilty plea apply.

On June 21, 2002, appellant, David Seibs, got into a dispute with the victims, David Henshaw and Roger Edmondson. This dispute continued as appellant and the two victims drove along I-430. Appellant pulled ahead of the victims and waited for them off the Colonel Glenn exit. When the victims' car passed him, appellant threw a four-prong tire iron at the car. The tire iron struck the passenger, Mr. Henshaw, in the neck, and Mr. Henshaw died from the wounds sustained.

The State filed a two-count amended felony indictment against appellant on August 9, 2002. The first count was man-slaughter by negligently causing the death, while committing the felony of terroristic act, of Mr. Henshaw. The second count of the indictment was for the terroristic act against Mr. Edmondson, the second victim who was driving the car. Appellant pleaded guilty to both counts and to being a habitual offender with four or more previous felony convictions on February 11, 2003. Appellant filed a motion on March 11, 2003, to prevent the State from obtaining a sentence on both counts on the grounds that the terroristic act was a predicate felony for the manslaughter charge. The motion was denied at the sentencing hearing on April 10, 2003. The trial court sentenced the appellant to thirty years for the manslaughter charge and thirty years for the terroristic act charge.

The judgment and commitment order was entered on April 16, 2003. The court of appeals certified the case to this court on May 24, 2004, pursuant to the Arkansas Rules of the Supreme Court 1-2(b)(1), (5), and (6) as this case involves an issue of first impression, significant issues requiring clarification of the law, and questions about the validity of laws enacted by the General Assembly respectively. On appeal, appellant challenges only the sentence for terroristic act.

The case was certified to us on two points. First, we must determine whether the appellant may appeal in this situation, as there is a general prohibition on appealing a guilty plea. Secondly, if the appeal is proper, we must consider whether the terroristic act is a lesser-included offense of manslaughter.

### Appeal from a guilty plea

■ Generally, there is no right to appeal a guilty plea, except for a conditional plea of guilty premised on an appeal of the denial of a suppression motion pursuant to Ark. R. Cr. P. 24.3. Ark. R. App. P.—Cr. 1. We have recognized two other exceptions to this general rule. The first exception is when there is a challenge to testimony or evidence presented before a jury in a sentencing hearing separate from the plea itself. *Bradford v. State*, 351 Ark. 394, 94 S.W.3d 904 (2003). The second exception is when the appeal is an appeal of a post-trial motion challenging the validity and legality of the sentence itself. *Id.*; *see also Hill v. State*, 318 Ark. 408, 887 S.W.2d 275 (1994). Initially, we note that this is not an appeal from a conditional guilty plea under Rule 24.3 of the Arkansas Rules of Criminal Procedure.

In analyzing this case under the exceptions to the general prohibition on appealing a guilty plea, we first look to see if this is a challenge to testimony or evidence presented during a sentencing hearing and whether it is an appeal from a post-trial motion challenging the validity or legality of the sentence. *Bradford, supra.* Appellant relies on our holdings in *Bradford, supra*, and *Hill, supra*, to support the appeal of his guilty plea.

■ In *Bradford, supra*, and *Hill, supra*, we discussed the exception to appealing a guilty plea when it is an issue of evidence or testimony adduced at the sentencing trial. Because a criminal defendant who pleaded guilty could still be afforded a sentencing trial, we recognized the validity of challenging evidence or testimony adduced before a jury in such sentencing hearings. *Id.* We stated that non-jurisdictional challenges, such as those of evidence or testimony, did not amount to an appeal of the guilty plea. *Id.*

■ In this case, appellant did not bring this appeal on a challenge to either evidence or testimony introduced in the sentencing phase of the trial. Rather, appellant challenges the trial court's authority to enter the sentence imposed by arguing that it violates Ark. Code Ann. § 5-1-110 in that a terroristic act against one victim must be considered as a lesser-included offense of manslaughter of the other victim. Because this contention is not a challenge to the evidence or testimony introduced in the sentencing phase, this appeal does not qualify for the first exception to the prohibition on appealing a guilty plea.

■ The second exception to the general rule prohibiting an appeal from a guilty plea is when the appeal is an appeal of a post-trial motion challenging the legality of the sentence. *Bradford*, *supra*. Post-trial motions are governed by Ark. R. Crim. P. 33.3, which requires the motion to be filed within thirty days of the entry of judgment. Generally, if a post-trial motion is filed before the entry of judgment, it will be deemed filed on the date of the entry of judgment into the record. *Id*.

The facts show that appellant did not file a post-trial motion. On March 11, 2003, before the sentencing trial and before the entry of judgment, appellant filed a motion on the issue of whether the terroristic act in the indictment was a lesser-included offense of the manslaughter charge. The trial court ruled on the motion at the hearing and denied appellant's requested relief. Appellant was then sentenced to thirty years for the manslaughter of one victim and thirty years for the terroristic act against the other victim. Appellant makes no contention that his actions in throwing the tire iron at Edmondson's car does not support the charge of committing a felony, namely a terroristic act against Edmondson. He pleaded guilty to that charge. The evidence presented below shows that, in the process of committing this terroristic act against Edmondson, the appellant negligently caused the death of Henshaw. He pleaded guilty to that charge.

■ The definition of manslaughter as set forth in Ark. Code Ann. § 5-10-104(a)(4)(A) states, "A person commits manslaughter if: . . . he commits or attempts to commit a felony, and in the course of and in furtherance of the felony . . . : he . . . negligently causes the death of another person." *Id*. His argument to the trial court was based upon his reading of a Ark. Code Ann. § 5-1-110 and was decided before the sentences were handed down following his guilty plea on both counts. Because his motion was denied before sentencing, it would not be deemed a post-trial motion by operation of Ark. R. Crim. P. 33.3 and, thus, appellant fails the second exception.

■ Therefore, appellant has failed to demonstrate that this appeal falls within either exception to the general prohibition of appealing a guilty plea as set out in *Bradford*, *supra*. Accordingly, we have no jurisdiction to entertain this appeal, and it is dismissed.

*Terroristic act as a lesser-included offense*

Because there is no jurisdiction to hear an appeal from this guilty plea, we cannot consider the issue of whether a terroristic act against one victim may be considered as a lesser-included offense of manslaughter of a second victim.

For the foregoing reasons, this appeal is dismissed.