Terry Lynn CASEY  *v.*  STATE of Arkansas

CA CR 06-120                                                242 S.W.3d 627

Court of Appeals of Arkansas
Opinion delivered November 8, 2006

*Gregory Crain*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.

JOSEPHINE LINKER HART, Judge. The circuit court denied the motion of appellant, Terry Lynn Casey, to suppress items seized from the trunk of his car. He then pleaded guilty to two counts of residential burglary and two counts of theft of property, with his plea conditioned upon his right to appeal from the denial of his motion. In accordance with the plea agreement, appellant was sentenced by a jury. In challenging the circuit court's denial of his motion to suppress, appellant first argues that the stop of his car was pretextual. Second, he asserts that his consent to search could not be heard on the videotape of the stop and argues that officers searched his car without

his consent. Third, he argues that law-enforcement officers conducted an improper inventory search of his car. In a separate argument, appellant argues that the circuit court erred in consolidating the charges for trial. We affirm.

Sergeant Brett Turner of the Grant County Sheriff's Department testified that on March 17, 2005, he stopped appellant's car on Highway 270 after following it for a short distance and observing the car cross over the center line and then cross over the white line. Turner further testified that before stopping appellant, he knew that appellant was driving the car, that appellant's driver's license was suspended, and that appellant's car fit the description of a car seen at some residential burglaries. After pulling appellant over, he immediately recognized appellant and asked him for his driver's license. Appellant told Turner that he did not have a license, because it had been suspended for driving while intoxicated.

Turner testified that he smelled alcohol, and he asked appellant if he had been drinking. Appellant stated that he had been drinking the night before and that there were no drugs or alcohol in the car. Turner further testified that he asked if he could look in the car, and appellant agreed. Turner looked inside the car and the car's trunk, and appellant was arrested for driving on a suspended driver's license. Turner testified that a wrecker was called to tow the car, and before the car was towed, an inventory search of the car was conducted. In the trunk of the car, officers found a radio taken in a residential burglary. Turner further testified that their standard procedure is that when someone is driving on a suspended driver's license, he is arrested and transported to jail, and that it is common practice and policy to tow the vehicle if no one is present to take possession of the vehicle.

On appeal, appellant first cites Article 2, Section 15 of the Arkansas Constitution and *State v. Sullivan*, 348 Ark. 647, 74 S.W.3d 215 (2002), and argues that the stop of his car was pretextual. In reviewing a circuit court's denial of a motion to suppress evidence, we conduct a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error and giving due weight to inferences drawn by the trial court. *State v. Harmon*, 353 Ark. 568, 113 S.W.3d 75 (2003). In *Harmon*, the Arkansas Supreme Court held that, unlike pretextual arrests, the Arkansas Constitution does not support invalidation of a search because a valid traffic stop was made by a police

officer who suspected other criminal activity. Thus, appellant's argument that the stop was pretextual is based on the erroneous premise that pretextual stops are impermissible. Moreover, there were facts justifying the stop of appellant's car, including appellant's erratic driving and Turner's knowledge that appellant was driving the car without a valid driver's license. Accordingly, we conclude that no error was committed.

■ Second, appellant asserts that his consent to search his car cannot be heard on the videotape of the stop made by law-enforcement officers and argues that the officers searched his vehicle without his consent. According to the transcription of the videotape, appellant's responses to the request for consent were inaudible. The videotape, however, was introduced into evidence and reviewed by this court, and appellant can be heard readily consenting to the search. Further, Turner testified that he requested and received appellant's consent to search, and the circuit court specifically found that "Deputy Turner clearly asked him on the tape if he could search the vehicle, and the response was clearly an affirmative." Based on the totality of the circumstances and giving due weight to inferences drawn by the circuit court, we cannot conclude that consent was not given.

■ Third, appellant argues that law-enforcement officers conducted an improper inventory search of his car because the officers were acting in bad faith and "doing a general rummaging for incriminating evidence." We note that police officers may conduct a warrantless inventory search of a vehicle that is being impounded in order to protect an owner's property while it is in the custody of the police, to insure against claims of lost, stolen, or vandalized property, and to guard the police from danger. *Thompson v. State*, 333 Ark. 92, 966 S.W.2d 901 (1998). An inventory search, however, may not be used by the police as a guise for general rummaging for incriminating evidence. *Id.* Thus, the police may impound a vehicle and inventory its contents only if the actions are taken in good faith and in accordance with standard police procedures or policies. *Id.* These standard procedures do not have to be in writing and may be established by an officer's testimony during a suppression hearing. *Id.* Here, appellant's car was stopped on a highway. Turner testified that their standard procedure is that when someone is arrested for driving on a suspended license, that person is transported to jail, and it is

common practice and policy to tow the vehicle if there is no one present to take possession of the vehicle. Given this evidence, we conclude that the inventory search was proper. *See id.*

For his next point on appeal, appellant contends that the circuit court erred in consolidating for trial a burglary and theft charge from March 14, 2005, with a burglary and theft charge from March 16, 2005. At a hearing prior to trial, the State moved to consolidate the cases, and appellant objected, arguing that the consolidation would be prejudicial to him because the jury would hear evidence regarding a series of burglaries rather than separate incidents and that this prejudice would outweigh the efficiency afforded in prosecuting the cases together. The circuit court joined the cases for trial. On the day for trial, appellant renewed his objection to the consolidation, and the court denied the motion. Appellant then entered a conditional guilty plea permitting him to appeal the court's ruling on his motion to suppress. Pursuant to the plea agreement, appellant was sentenced by a jury. The agreement specifically provided that "pursuant to the plea agreement, the Defendant shall receive such sentence as is imposed on each count by a Grant County jury."

In his argument, appellant asserts that the "record is devoid of any evidence that the two burglaries and thefts were part of a single scheme" and that "[j]udicial economy should not be use[d] to get a defendant to plead guilty since he is now facing a combined trial in which a jury may sentence him harder because it knows the circumstances of four crimes as opposed to a single burglary and theft." We hold that the argument is not preserved for appellate review.

Generally, there is no right to appeal a guilty plea, except for a conditional plea of guilty premised on an appeal of the denial of a suppression motion. *Seibs v. State*, 357 Ark. 331, 166 S.W.3d 16 (2004). Thus, to the extent that appellant argues that, prior to his guilty plea, the court improperly consolidated the charges, the argument is not cognizable on appeal. We are mindful that an appellant may also challenge testimony or evidence presented before a jury in a sentencing hearing separate from the plea itself. *Id.* Appellant, however, never argued to the circuit court that error was committed during sentencing. Instead, he made his arguments against consolidation prior to entering his guilty plea, he then entered a guilty plea and sought sentencing by a jury, and he never raised the issue at sentencing. Accordingly, his argument

was not preserved for review. *See id.* (refusing to address on appeal an argument that was decided before sentencing). Consequently, we affirm.

Affirmed.

VAUGHT and BAKER, JJ., agree.