2011 Ark. App. 528

**John Dewey JACKSON, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 11–208.**

Court of Appeals of Arkansas.

Sept. 14, 2011.

Jim Rose III, Fayetteville, for appellant.

Dustin McDaniel, Atty. Gen., LeaAnn J. Irvin, Little Rock, for Appellee.

RITA W. GRUBER, Judge.

■ ⌊₁Appellant John Dewey Jackson was convicted by a jury of two counts of delivery of a controlled substance and sentenced to twenty-five years' imprisonment and a $25,000 fine for one count and twenty years' imprisonment and a $25,000 fine

for the second count, the prison terms to run concurrently. On appeal, he contends that the evidence at trial was not sufficient to support his convictions.[1] We hold that substantial evidence supports the verdict and affirm.

The State presented the testimony of Robert Johnson, a confidential informant; Detective Glen Latham, a member of the Washington County Drug Task Force; and Dan ⌊₂Hedges, a forensic chemist from the Arkansas State Crime Laboratory. Detective Latham and Mr. Johnson testified that on August 18, 2009, and August 31, 2009, Mr. Johnson served as a confidential informant for the Drug Task Force in conducting two controlled buys from appellant. Mr. Johnson testified that he called appellant on August 18, 2009, and asked him "if it would do me any good to come over" and that appellant said, "come see me." Mr. Johnson explained that he took that to mean that appellant had drugs. He then called Detective Latham and the two met near appellant's house. Detective Latham searched Mr. Johnson and his car, placed a wireless transmitter and recorder on Mr. Johnson, gave him money to purchase the drugs, followed him to appellant's house, and parked his car out of sight but where he could maintain visual contact during the purchase. Mr. Johnson testified that he found appellant and Mr. Johnson's brother Danny, who lived next door to appellant, outside in "the salvage yard" stripping aluminum. They talked for a bit and then Mr. Johnson gave appellant $300. Mr. Johnson and Danny went to Danny's trailer and talked until appellant returned with the methamphetamine. Mr. Johnson said that he and ap-

---

1. We note that appellant's notice of appeal designates an incorrect circuit court case number in its heading. Because we are easily able to determine from the notice the order from which appellant appeals and consider the mistake a mere scrivener's error, we deem the notice sufficient to comply with Ark. R.App. P.–2(a) and effective to appeal his convictions. *See Hayes v. State*, 2011 Ark. App. 79, at 8–9, 381 S.W.3d 117, 121–22.

pellant went outside, appellant gave him the methamphetamine, they talked for a few minutes, and then Mr. Johnson left, going back to his meeting place with Detective Latham.. Mr. Johnson gave Detective Latham the methamphetamine and waited while the detectives searched him and his car.

On August 31, Mr. Johnson called appellant to set up another purchase and went through the same procedures of being searched by Detective Latham as for the first buy. When Mr. Johnson arrived at appellant's house, appellant was in the yard working on a "go-cart$_3$ deal." Mr. Johnson gave appellant the money and then asked if Danny was around. Appellant said he was, so Mr. Johnson went to Danny's trailer and talked with him for ten or fifteen minutes before appellant came to the trailer with the drugs. When appellant handed the drugs to Mr. Johnson, appellant asked if Mr. Johnson wanted an extra baggie and some black tape to wrap around it. Mr. Johnson said that he did not. He testified that the baggie and tape are used to help throw the drugs out the window if you get stopped by the police. He then met with Detective Latham, gave him the methamphetamine, and submitted to a search. Mr. Johnson testified that he and appellant did not mention methamphetamine during either buy. Mr. Johnson showed appellant the money, and appellant gave Mr. Johnson the drugs. He testified that the only reference to drugs was when appellant asked Mr. Johnson if he wanted a baggie and some tape to wrap around it. In addition to the testimony, the State introduced into evidence the recordings of both transactions and a transcript of the recordings.

Appellant testified that he had never sold methamphetamine on August 18, August 31, or any other day. His testimony was inconsistent regarding whether he was present at the drug buys at issue in this case, but he stated that he did not sell methamphetamine on either date. He said that he did not recognize his voice on the tapes of the transaction played at trial. He also testified that Danny Johnson told him the week before trial that he had just recalled that it was he, Danny, who sold the drugs on the two dates in question. Danny Johnson then testified that he, not appellant, sold the drugs to Mr. Johnson, the confidential informant. He said that he decided to testify because he just "couldn't handle" appellant going to jail for something that "I did."

On appeal, appellant argues that the evidence at trial was not sufficient to prove that the methamphetamine sold on August 31, 2009, was properly tested because the chemist who testified at trial was not the chemist who tested the substance from the second drug buy. Therefore, he claims that the circuit court's denial of his motion for directed verdict was clearly erroneous.

As a threshold matter, we note that the State argues that appellant did not properly preserve this argument for our review because he changed the nature of his sufficiency challenge between the close of the State's case and the close of all of the evidence. In order for us to consider a sufficiency challenge, appellant must have preserved the issue for appeal by moving for a directed verdict at the close of the evidence offered by the prosecution and again at the close of all of the evidence. Ark. R.Crim. P. 33.1(a) (2011). The motion must state the specific grounds therefor; the failure to challenge the sufficiency at the times and in the manner prescribed by Rule 33.1 constitutes a waiver of the issue. Ark. R.Crim. P. 33.1(a), (c). As long as a specific basis was articulated in the original directed-verdict motion, however, a general renewal at the close of the evidence is sufficient to preserve the issue

for appeal. *Dale v. State*, 55 Ark.App. 184, 188, 935 S.W.2d 274, 276 (1996). If the court does not rule on the renewed motion made at the close of the evidence, the motion is deemed denied for the purpose of obtaining appellate review on the question of sufficiency of the evidence. Ark. R.Crim. P. 33.1(c).

■ In this case, counsel for appellant made the following motion for directed verdict at the close of the State's case:

COUNSEL: At this time, Your Honor, the defense moves for a directed verdict of not guilty. I think based on the testimony from Mr., whatever his name was at the lab, he cannot give us a positive that this is methamphetamine, at least on the second set.

COURT: Anything else?

COUNSEL: That's it. No, sir.

Then, at the close of all of the evidence, appellant's counsel stated the following:

Well, I guess without the jury here, Your Honor, now that all the evidence is in I'd like to *renew my motion for a judgment of acquittal* to the jury. I think that with the testimony that's been presented by the Defendant that it's very evident that he was not the one who sold the drugs. Therefore, I think the prosecutor has presented insufficient information and ask for that ruling.

(Emphasis added.)

■ While appellant did add an argument regarding certain testimony he presented after the State rested its case, we conclude that the general renewal of his initial directed-verdict motion is sufficient to preserve the initial issue on appeal. The fact that he made additional arguments in his final motion does not bar our consideration of grounds specifically stated in a motion made at the close of the State's case and generally renewed at the close of all of the evidence. "[I]t is the opportuni-

ty of the trial court to first hear and address the parties' arguments that is of importance in determining whether the argument has been preserved for appeal. That both directed-verdict motions are not identical will not bar an appellant's argument on appeal." *Rains v. State*, 329 Ark. 607, 611, 953 S.W.2d 48, 51 (1997).

■ The test for determining sufficiency of the evidence is whether there is substantial evidence, direct or circumstantial, to support the verdict. *Johnson v. State*, 337 Ark. 196, 201, 987 S.W.2d 694, 697 (1999). On appeal, we consider only the evidence that supports the verdict, viewing the evidence in the light most favorable to the State. *LeFever v. State*, 91 Ark.App. 86, 89, 208 S.W.3d 812, 815 (2005). Evidence is substantial if it is forceful enough to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Harmon v. State*, 340 Ark. 18, 22, 8 S.W.3d 472, 474 (2000). We do not weigh the evidence presented at trial, as that is a matter for the fact-finder. *Id.* at 22, 8 S.W.3d at 475. Witness credibility is an issue for the fact-finder, who is free to believe all or a portion of any witness's testimony and whose duty it is to resolve questions of conflicting testimony and inconsistent evidence. *LeFever*, 91 Ark.App. at 89, 208 S.W.3d at 815.

■ This sufficiency challenge concerns only the second count of delivery of a controlled substance, resulting from the August 31, 2009, controlled buy. Dan Hedges, a forensic chemist from the Arkansas State Crime Laboratory (the "Lab"), testified regarding the substances tested by the Lab from both buys. He testified that he performed the relevant tests on the controlled substance obtained in the first buy on August 18, 2009, and that it was methamphetamine. With re-

gard to the controlled substance sold to Mr. Johnson on August 31, 2009, Mr. Hedges testified that he did not perform the actual tests on the substance but that one of his peers, Stacey Winkler, did. Because Mr. Hedges did not perform the test on the substance from the second buy, and therefore could not unequivocally say that the test was accurately conducted, appellant argues that the evidence was not sufficient to prove that the alleged methamphetamine sold on August 31, 2009, was properly tested and therefore that it was in fact methamphetamine. We reject appellant's argument and hold that substantial evidence supports the verdict on this issue.

Mr. Hedges testified that the Lab operates under a standard-operating-procedures manual, that all of the analysts follow the same protocols, and that all work goes through a peer-review system before it is released. Mr. Hedges stated that, although he did not perform the lab analysis for the substance obtained from the buy on August 31, 2009, he was familiar with the testing that was done and with the meaning of the lab results in State's Exhibit 12, which was a copy of Stacey Winkler's lab report. He stated that the report indicated that the substance was 2.6472 grams of dimethyl sulfone and methamphetamine. He also testified that he had the utmost trust and confidence in Ms. Winkler and that he recognized Ms. Winkler's signature on the report. Appellant did not object to the admission of Exhibit 12 into evidence.

Under Arkansas law, the lab reports made by the Arkansas State Crime Laboratory "shall be received as competent evidence as to the matters contained therein in the courts of this state subject to the applicable rules of criminal procedure when duly attested to by the Executive Director of the State Crime Laboratory or

his or her assistants, associates, or deputies." Ark.Code Ann. § 12–12–313(a) (Repl.2009). If a defendant would like to have the analyst who performed the analysis in court in order to cross-examine him as a witness, he must follow the procedures set forth in the statute to provide sufficient notice and make such a request. Ark.Code Ann. § 12–12–313(b)–(d). Appellant did not provide any such notice or make any such request in this case. The State presented substantial evidence in the form of Mr. Hedges's testimony and State's Exhibit 12 that the substance sold on August 31, 2009, was methamphetamine. Therefore, the circuit court did not clearly err in denying appellant's motion for directed verdict.

Appellant also argues that the court erred in failing to grant his motion for directed verdict because he and Danny Johnson both testified that appellant did not sell methamphetamine to Mr. Johnson, the confidential informant, on either August 18, 2009, or August 31, 2009. He points specifically to Danny's testimony in which he stated under oath that he, Danny Johnson, sold the drugs to the confidential informant on the relevant dates.

We do not weigh the evidence presented at trial; it is the jury's duty to weigh evidence, assess the credibility of witnesses, and resolve questions of conflicting testimony and inconsistent evidence. *Wilson v. State*, 2011 Ark. App. 382, 2011 WL 2039348. Substantial evidence supports the verdict in this case. Accordingly, we affirm.

Affirmed.

ROBBINS and ABRAMSON, JJ., agree.