# SUPREME COURT OF ARKANSAS

No. CR–14–547

| | |
|---|---|
| RONNIE LEE CANADA<br><br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br><br>RESPONDENT | **Opinion Delivered** July 31, 2014<br><br>PRO SE MOTION FOR BELATED APPEAL<br>[PULASKI COUNTY CIRCUIT COURT, NO. 60CR-12-1562]<br><br>HONORABLE HERBERT WRIGHT, JR., JUDGE<br><br><u>MOTION DENIED</u>. |

## PER CURIAM

On June 19, 2013, judgment was entered reflecting that petitioner Ronnie Lee Canada had entered a plea of guilty to battery in the first degree and endangering the welfare of a minor. An aggregate sentence of 480 months' imprisonment was imposed.

On June 20, 2014, petitioner filed the motion that is now before us, requesting leave to proceed with a belated appeal of the judgment of conviction. Arkansas Rule of Appellate Procedure–Criminal 1(a) (2013) provides that there is no direct appeal from a plea of guilty. An exception is created when a conditional plea of guilty is premised on an appeal of the denial of a suppression motion pursuant to Arkansas Rule of Criminal Procedure 24.3 (2013). *See Seibs v. State*, 357 Ark. 331, 166 S.W.3d 16 (2004). Two additional exceptions to the general rule, as set out in *Seibs* and *Grissom v. State*, 2009 Ark. 328 (per curiam), are (1) when there is a challenge to testimony or evidence presented before a jury in a sentencing hearing separate from the plea itself and (2) when the appeal is from a posttrial motion challenging the validity and legality of the sentence itself. *See Bradford v. State*, 351 Ark. 394, 94 S.W.3d 904 (2003). Absent one of the

SLIP OPINION

exceptions, a defendant waives his right to appeal when he pleads guilty. *Nelson v. State*, 2012 Ark. 217 (per curiam); *Smith v. State*, 2011 Ark. 54 (per curiam); *Grissom*, 2009 Ark. 328; *see also Berry v. City of Fayetteville*, 354 Ark. 470, 125 S.W.3d 171 (2003); *Barnett v. State*, 336 Ark. 165, 984 S.W.2d 444 (1999). We have held, however, that an appeal may be taken after a guilty plea when the petitioner alleges evidentiary errors which arose after the plea and during the sentencing phase, regardless of whether a jury was impaneled for that phase of trial. *See Tubbs v. State*, 2011 Ark. 166 (per curiam); *see also Johnson v. State*, 2010 Ark. 63.

Petitioner here does not contend that his plea was conditional or that it otherwise met any of the exceptions that would allow for an appeal from the judgment. For that reason, he has not met his burden of establishing that he is entitled to proceed with a belated appeal. *See Nelson*, 2012 Ark. 217; *see also Smith*, 2011 Ark. 54.

Motion denied.

*Ronnie Lee Canada*, pro se petitioner.

No response.