

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-16-932

WILLIAM ROY TUBBS

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered** March 8, 2017

APPEAL FROM THE CRAWFORD
COUNTY CIRCUIT COURT
[NO. 17CR-16-55]

HONORABLE MICHAEL MEDLOCK,
JUDGE

DISMISSED

## LARRY D. VAUGHT, Judge

Appellant William Roy Tubbs is attempting to appeal a portion of his sentence, the court's order that he pay restitution, following his plea of guilty to the offense of theft of property. Because the law does not allow for appeals of guilty pleas except in very limited circumstances, which do not apply here, we must dismiss.

Tubbs pled guilty on June 10, 2016, in the Crawford County Circuit Court to the charge of theft of property for stealing a car. He was sentenced to forty-eight months' imprisonment, followed by 132 months' suspended imposition of sentence (SIS). He was also ordered to pay $400 in restitution. Tubbs has filed a pro se appeal, arguing only that the award of restitution was error because it was reimbursement for "car titles" while he was charged with stealing a car.

However, we cannot reach the merits of his argument because Tubbs cannot appeal from his plea of guilty. As the Arkansas Supreme Court explained in *Canada v. State*, 2014 Ark.

336, at 1, 439 S.W.3d 42, 43, Arkansas Rule of Appellate Procedure–Criminal 1(a) provides that "[e]xcept as provided by [Arkansas Rule of Criminal Procedure] 24.3(b) there shall be no appeal from a plea of guilty or nolo contendere." In *Seibs v. State*, 357 Ark. 331, 335, 166 S.W.3d 16, 18 (2004), our supreme court affirmed the well-established rule that appeals from nonconditional[1] guilty pleas may be taken only under the two well-established exceptions. As the court explained in *Seibs*, the first exception is when there is a challenge to testimony or evidence presented before a jury in a sentencing hearing separate from the plea itself. *Seibs*, 357 Ark. at 335, 166 S.W.3d at 18. The second exception is when the appeal is an appeal of a posttrial motion challenging the validity and legality of the sentence itself. *Id.* at 335, 166 S.W.3d at 18. Neither situation is present here. Tubbs has presented us with a direct appeal from an unconditional guilty plea. He has not argued that his case falls under either of the established exceptions discussed in *Seibs*, and our review of the record reveals that neither exception is applicable. Therefore, by entering an unconditional plea of guilty, Tubbs waived his right to appeal, and we must dismiss.

Dismissed.

WHITEAKER and MURPHY, JJ., agree.

*William Roy Tubbs*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

---

[1]Appeals may be taken from a conditional plea that is entered pursuant to Rule 24.3 of the Arkansas Rules of Criminal Procedure. Tubbs's plea was not conditional.