
# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–16–924

ROGER HERMAN ZEMEL

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**OPINION DELIVERED:** SEPTEMBER 13, 2017

APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. 66FCR-10-514]

HONORABLE STEPHEN TABOR, JUDGE

APPEAL DISMISSED

## ROBERT J. GLADWIN, Judge

Appellant Roger Herman Zemel is attempting to appeal the revocation of his suspended imposition of sentence by the Sebastian County Circuit Court. Because the law does not allow for appeals of guilty pleas except in very limited circumstances, which do not apply here, we must dismiss.

On May 12, 2010, appellant entered a plea of guilty to charges of breaking or entering, a Class D felony, in the Sebastian County Circuit Court. The original sentencing court suspended the imposition of appellant's sentence for six years and ordered him to pay a fine of $500, court costs of $150, and a "public defender fee" of $100. Appellant's total fine was $750, to be paid at a rate of $50 a month beginning June 12, 2010, as defined in his terms and conditions of suspended sentence.

On March 11, 2015, the State filed a petition to revoke appellant's suspended sentence because of a pending charge for third-degree assault on a family or household member and appellant's failure to pay the fine and court costs from his 2010 breaking-or-entering sentence, which the State alleged at the time had reached a total of $1205.

Appellant filed an affidavit of indigency in order to obtain a public defender, stating that he was not employed and had no assets. On or about April 27, 2015, the State filed a motion to withdraw its petition to revoke based on appellant's plea to the misdemeanor domestic-assault charge, which the trial court granted.

On February 19, 2016, the State filed a new petition to revoke appellant's suspended sentence, alleging that he had failed to pay his fine, costs, and fees. The State claimed that appellant's last payment of $50 was received June 11, 2010. Appellant filed another affidavit of indigency claiming that, although he was employed, he had no assets with which to hire a lawyer.

On August 17, 2016, the trial court held a "stipulation hearing." Appellant, appearing with counsel, did not contest the allegations in the State's petition, and he admitted that he still owed the fines and costs, stating on the record that "he's decided not to contest the Petition and he would stipulate that he still owes fines and court costs." Appellant requested fifty-seven days' jail credit, but the State objected. The State informed the trial court that it agreed to his "plea" and to the thirty-day continuance because appellant "says he can make a payment by the 1st." It was understood by the State and appellant that he would attempt to make a payment by September 1, 2016. In order to make this payment and avoid a harsher sentence, appellant requested a thirty-day continuance because he "lived on the

river," had no assets, and did not have a steady income. After confirming that appellant was stipulating that he had not paid his fines and court costs, the trial court found that appellant had violated the terms of his suspended sentence, and it continued his sentencing hearing for thirty days so that appellant could make payments on his outstanding fines and court costs.

Appellant did not make the payment on September 1, 2016, and the trial court held a sentencing hearing on September 21, 2016. At sentencing, appellant appeared again with counsel and acknowledged that he had not made a payment since June 2010 but implored the trial court to allow him more time because, since that date, he had lost his home, had no assets, and was not employed. Appellant explained to the trial court that he was now employed and, yet again, assured the trial court that he would pay the delinquent fine as soon as possible, informing the trial court that he believed he could have his balance paid off within sixty days.

The trial court set the matter aside so that appellant could discuss his request with the prosecutor. No agreement was reached, but appellant again informed the trial court that he believed he could have his balance paid off, and this time, within ninety days. The State pointed out that appellant had made only one payment in the past six years, which occurred in June 2010. The trial court then observed that appellant had not made a payment since the last hearing on August 17, 2016, as he repeatedly had told the trial court he would. The trial court rejected appellant's request and sentenced appellant to two years in the Arkansas Department of Correction with an additional four years suspended.

Appellant argues that the judgment-and-conviction order violates (1) the Equal-Protection and Due-Process Clauses of the Fourteenth Amendment; (2) the Cruel and Unusual Punishment Clause of the Eighth Amendment; and (3) the Excessive-Fines Clause of the Eighth Amendment. However, we cannot reach the merits of his argument because appellant cannot appeal from his express stipulation to the violation and agreement not to contest the State's petition to revoke—which effectively is an unconditional guilty plea. In *Tubbs v. State*, 2017 Ark. App. 152, at 1–2, 516 S.W.3d 283, 284, this court cited the Arkansas Supreme Court's explanation in *Canada v. State*, 2014 Ark. 336, at 1, 439 S.W.3d 42, 43, and Arkansas Rule of Appellate Procedure–Criminal 1(a), which provide that "[e]xcept as provided by [Arkansas Rule of Criminal Procedure] 24.3(b) there shall be no appeal from a plea of guilty or nolo contendere." In *Seibs v. State*, 357 Ark. 331, 335, 166 S.W.3d 16, 18 (2004), our supreme court reiterated the rule that appeals from unconditional[1] guilty pleas may be taken only under the two well-established exceptions. The first exception is when there is a challenge to testimony or evidence presented before a jury in a sentencing hearing separate from the plea itself. *Seibs*, 357 Ark. at 335, 166 S.W.3d at 18; s*ee also Tubbs*, 2017 Ark. App. 152, at 2, 516 S.W.3d at 284. The second exception is when the appeal is an appeal of a posttrial motion challenging the validity and legality of the sentence itself. *Seibs*, 357 Ark. at 335, 166 S.W.3d at 18; s*ee also Tubbs*, 2017 Ark. App. 152, at 2, 516 S.W.3d at 284. Neither situation is present here.

---

[1]Appeals may be taken from a conditional plea that is entered pursuant to Rule 24.3 of the Arkansas Rules of Criminal Procedure.

SLIP OPINION

Appellant has presented us with a direct appeal from an unconditional guilty plea. He has not argued that his case falls under either of the above-referenced established exceptions, and our review of the record reveals that neither exception is applicable. Therefore, by stipulating to the violation of nonpayment and agreeing not to contest the State's petition to revoke, appellant waived his right to appeal, and we must dismiss.

Appeal dismissed.

VIRDEN and BROWN, JJ., agree.

*Armstrong Teasdale LLP*, by: *Jonathan R. Shulan*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Amanda Jegley*, Ass't Att'y Gen., for appellee.