N. MARK KLAPPENBACH, Judge
Appellant Jared Jeffers pleaded guilty in Ashley County to four counts of residential burglary and one count of theft, and he was sentenced as a habitual offender. Jeffers filed a notice of appeal from the sentencing order.[1] Jeffers contends that the circuit court lacked jurisdiction to sentence him as a habitual offender because the State's criminal information did not officially charge him as a habitual offender. Jeffers argues that his sentences are therefore illegal. We dismiss because we lack appellate jurisdiction to consider an appeal from these guilty pleas.
The facts are as follows. The State filed a criminal information listing the burglary and theft charges and setting out the possible enhanced range of sentences that would apply to habitual offenders. Subsequently, appellant and his attorney signed a plea statement that recited, "You are charged as a habitual offender. YES." The plea statement also recited the enhanced range of sentencing for each of the burglary and theft charges. Appellant affirmed that he read the plea statement before signing. The State's written plea recommendation listed the same enhanced sentencing *317 ranges. At the plea hearing, appellant was twice told that he was subject to enhanced penalties as a habitual offender with four or more prior felony convictions. When asked if he understood the charges and "the possible penalties," appellant said yes. Appellant pleaded guilty and was sentenced to a total of thirty years in prison to be followed by an additional ten years of suspended imposition of sentence. The sentencing order reflects that appellant was sentenced as a habitual offender. This timely appeal followed.
The State argues that this is not a proper appeal of a guilty plea and should be dismissed. We agree with the State.
Arkansas Rule of Appellate Procedure-Criminal 1(a) provides that, except as provided by Arkansas Rule of Criminal Procedure 24.3(b), there shall be no appeal from a plea of guilty or nolo contendere. In Seibs v. State , 357 Ark. 331, 166 S.W.3d 16 (2004), our supreme court affirmed the well-established rule that appeals from nonconditional guilty pleas may be taken only under two well-established exceptions. The first exception is when there is a challenge to testimony or evidence presented before a jury in a sentencing hearing separate from the plea itself, and the second exception is when the appeal is an appeal of a posttrial motion challenging the validity and legality of the sentence itself. Id. Neither situation is present here. Appellant filed a direct appeal from the sentencing order entered pursuant to an unconditional guilty plea.[2] Our review of the record reveals that neither exception is applicable. Therefore, by entering an unconditional plea of guilty, appellant waived his right to appeal, and we must dismiss. See Tubbs v. State , 2017 Ark. App. 152, 516 S.W.3d 283.
Dismissed.
Harrison and Glover, JJ., agree.

Jeffers's notice of appeal references the correct case number and the "final Order" of July 25, 2017 (the date of the guilty-plea hearing and the date on which the sentencing order was signed by the circuit judge). The notice of appeal does not recite the file-mark date on the sentencing order, August 3, 2017. It is obvious that his appeal is of the sentencing order and is timely as to that order. The notice of appeal is sufficient to establish initial appellate jurisdiction pursuant to Ark. R. App. P.-Crim. 2(a) (2017). See Jackson v. State , 2011 Ark. App. 528, 385 S.W.3d 394.

On August 30, 2017, appellant filed a petition to correct an illegally imposed sentence. Appellant did not amend his notice of appeal or timely file a new notice of appeal from the denial of that petition.