Cite as 2022 Ark. App. 11

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-21-399

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** January 12, 2022 |
| AARON DAVIS TODD | APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-16-639] |
| V. | | HONORABLE CHARLES E. CLAWSON III, JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## LARRY D. VAUGHT, Judge

This is a no-merit appeal filed on behalf of Aaron Davis Todd following the entry of the order of the Faulkner County Circuit Court revoking his probation. We affirm the revocation and grant counsel's motion to withdraw.

On April 12, 2017, Todd pled guilty to possession of a firearm by certain persons and maintaining a drug premises. He was sentenced to eighty-four months' probation. On August 22, the State filed a petition to revoke his probation, alleging that Todd had failed to comply with the terms and conditions of his probation by evading supervision and failing to pay court-ordered fines and fees.

On May 21, 2021, the circuit court held a revocation hearing. The circuit court heard testimony from probation officer Corey Charles. Todd also testified. At the conclusion of the hearing, the circuit court found that Todd had violated the terms and conditions of his

probation. Specifically, the court found that he had inexcusably failed to report and left the state without permission. The circuit court sentenced him to 120 months' imprisonment.

On September 10, Todd's appointed counsel filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(b) of the Rules of the Arkansas Supreme Court and Court of Appeals (2020). On September 23, Todd filed a letter arguing two pro se points. First, he contends that his counsel at the revocation hearing provided ineffective assistance of counsel. Second, he claims that he is innocent of the offenses of possession of a firearm by certain persons and maintaining a drug premises and that his guilty plea was the result of coercion.

To revoke a defendant's probation, the circuit court must find by a preponderance of the evidence that the defendant has violated a condition of probation without excuse. *McDougal v. State*, 2015 Ark. App. 212, at 4, 465 S.W.3d 863, 866. The State bears the burden of proof but need only prove one violation for the court to grant the revocation motion. *Id.* We will not reverse the decision of the circuit court unless the finding is clearly erroneous. *Id.*

In compliance with *Anders* and Rule 4-3, Todd's counsel has briefed the court on the only adverse ruling in the case, the circuit court's revocation of Todd's probation, and has adequately explained why that ruling would not provide grounds for a meritorious appeal. The evidence presented at trial demonstrated that Todd reported to the probation office only twice after being placed on probation in 2017 and that he had absconded within a few months. He also failed to pay his fines and fees as directed. In his testimony at the hearing, Todd admitted he had violated the terms and conditions of his probation. There was sufficient evidence to support the court's revocation of Todd's probation. Todd's appointed counsel has adequately

2

demonstrated that this adverse ruling would not support any nonfrivolous argument on appeal.

As is his right, Todd filed pro se points for reversal, arguing that his attorney was ineffective at the revocation hearing and that he is innocent of the underlying charges to which he pled guilty. His claim of ineffective assistance of counsel cannot be addressed on appeal because he did not raise the claim in circuit court. *Jester v. State*, 2018 Ark. App. 558, at 4. We are also barred from addressing the merits of his innocence argument because we have long held that a defendant is not entitled to relitigate his guilty plea during a subsequent revocation proceeding. *Rhoades v. State*, 2010 Ark. App. 730, at 8, 379 S.W.3d 659, 663. Moreover, the Arkansas Rules of Appellate Procedure–Criminal do not provide for a direct appeal from a plea of guilty. *Canada v. State*, 2014 Ark. 336, at 1, 439 S.W.3d 42, 43.

Therefore, we affirm the order revoking Todd's probation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

HARRISON, C.J., and BROWN, J., agree.

*Robert N. Jeffrey, Attorney at Law*, by: *Robert N. Jeffrey*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.