Cite as 2024 Ark. App. 464

# ARKANSAS COURT OF APPEALS
## DIVISION III
#### No. CR-22-424

| | |
|---|---|
| DOUGLAS EUGENE CAUSEY<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered October 2, 2024<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION<br>[NO. 60CR-19-1595]<br><br>HONORABLE BARRY SIMS, JUDGE<br><br>DISMISSED |

**BART F. VIRDEN, Judge**

Douglas Eugene Causey appeals from the Pulaski County Circuit Court order denying his motion to withdraw his guilty plea.[1] On appeal, Causey argues that the circuit court erred by denying the withdrawal of his plea based on the ineffective assistance of both his initial public defender and his subsequent private counsel. We dismiss for lack of jurisdiction.

I. *Relevant Facts*

On October 15, 2019, the circuit court held a plea hearing at which Causey agreed to plead guilty to one count of possession of methamphetamine with purpose to deliver, one count of possession of drug paraphernalia, and four counts of aggravated assault. Causey

---

[1]The same day, Causey also pleaded guilty to other charges stemming from case number 60CR-18-2487. That case is not a part of the instant appeal.

testified that he understood the charges against him, the minimum and maximum sentences for the offenses, and that his guilty plea is a waiver of his right to a jury trial and appeal. Causey stated that he was satisfied with his attorney and her services, and he had not been induced to plead guilty by force, threat, or promise apart from the plea agreement. The court accepted the plea and found that Causey had been convicted of four or more felonies, making him a habitual offender. The sentencing hearing was set for January 2020.

On November 14, before he was sentenced, Causey filed a pro se motion to withdraw his plea, arguing that he had pleaded guilty without effective assistance of counsel. Causey contended that he told his public defender that he was not guilty, and his counsel "lied and misadvised him to get him to accept a plea agreement" by telling him that he would "end up with more time" if he did not plead guilty. Causey asserted that counsel told him that "it wouldn't affect the federal case he has pending." Causey stated that his federal public defender informed him that he should not have pleaded guilty because it would affect the outcome of his federal case.

On September 23, 2020, the circuit court held a hearing on the motion to withdraw the plea. Causey was represented by private counsel at this hearing and testified that his previous counsel told him that the charges against him were not for violent crimes, and it was safe to accept the plea agreement because it would not affect his federal case. Causey explained, "[I] did not understand that I was pleading to violent, no ma'am."

From the bench, the court denied the motion to withdraw the plea. A written order denying the motion was never entered. On December 1, Causey filed his notice of appeal "appealing the decision of this court denying his motion to withdraw his guilty plea."

The sentencing order was entered December 4. Amended sentencing orders were subsequently filed on December 10 and December 28, and Causey was sentenced to an aggregate term of forty years' imprisonment in the Arkansas Division of Correction.

On November 5, 2021, Causey filed a petition to vacate, set aside, or correct his sentence due to manifest injustice. Causey asserted that he did not intelligently and understandingly plead guilty to the charges due to ineffective assistance of counsel. He also alleged that his right to a speedy trial was violated, and the State should have brought the errors to the court's attention. The motion was denied. On February 4, Causey also filed a Rule 37 petition, which was dismissed as untimely.

II. *Discussion*

Generally, under Ark. R. App. P.–Crim. 1, there is no right to appeal a guilty plea, except for a conditional plea of guilty premised on an appeal of the denial of a suppression motion pursuant to Ark. R. Crim. P. 24.3. The record indicates no motion to suppress was filed, and the plea was not conditional. There are two other exceptions to the general rule: (1) when there is a challenge to testimony or evidence presented before a jury in a sentencing hearing separate from the plea itself; and (2) when the appeal is an appeal of a posttrial motion challenging the validity and legality of the sentence itself. *Seibs v. State*, 357 Ark. 331,

166 S.W.3d 16 (2004); *Bradford v. State*, 351 Ark. 394, 94 S.W.3d 904 (2003). The instant case does not fall within either exception.

Although Causey's notice of appeal states it was filed regarding the court's denial of the motion to withdraw his plea, there was no order entered addressing the motion to withdraw the plea. An oral order is not effective until entered of record. *See Bradford*, 351 Ark. at 400–01, 94 S.W.3d at 908–09. It is the appellant's obligation to properly preserve an issue for review. *See Beshears v. State*, 340 Ark. 70, 8 S.W.3d 32 (2000). Having failed to obtain an order on the motion to withdraw his plea, Causey is left with no order to appeal. This court is without jurisdiction, and the appeal must be dismissed.

Dismissed.

GLADWIN and MURPHY, JJ., agree.

*Craig Lambert*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.