SLIP OPINION

Cite as 2015 Ark. 227

# SUPREME COURT OF ARKANSAS

No. CR–14–327

| | | |
|---|---|---|
| DAVID GOOCH | | **Opinion Delivered** May 21, 2015 |
| | APPELLANT | APPEAL FROM THE YELL COUNTY CIRCUIT COURT |
| V. | | [NO. 75-NCR-13-102] |
| STATE OF ARKANSAS | | HONORABLE JERRY DON RAMEY, JUDGE |
| | APPELLEE | |
| | | DISMISSED IN PART; AFFIRMED IN PART. |

**ROBIN F. WYNNE, Associate Justice**

Appellant David Gooch entered a conditional plea of no contest to one count of Class A misdemeanor possession of a firearm by certain persons. He now appeals, arguing that the circuit court erred in denying his motion to dismiss because (1) he had not been adjudicated mentally ill or involuntarily committed to a mental institution as required by Arkansas Code Annotated section 5–73–103(a); (2) section 5–73–103(a)(3) is void for vagueness and deprives him of his right to due process as guaranteed by the United States Constitution;[1] and (3) section 5–73–103(a)(3) violates the Second Amendment to the United States Constitution and article 2, section 5 of the Constitution of Arkansas. Because Gooch's first point is not properly before this court on appeal from a conditional plea, we dismiss on that point; and

---

[1]While Gooch includes in the heading to his second point on appeal that the statute is "over broad," no argument in that regard is included in the body. Because he does not develop that argument, we do not address it.

because the remaining points were not raised below and ruled upon by the circuit court, we affirm on those points without reaching the merits of Gooch's arguments.

The State filed a felony information charging Gooch with committing the offense of possession of a firearm by certain persons on or about September 4, 2013.[2] On November 27, 2013, Gooch filed a motion to suppress evidence and a motion to dismiss. In his motion to dismiss, Gooch stated that he had been charged under Ark. Code Ann. § 5-73-103(a)(3), and he alleged as follows:

4. That on March 29, 2012, the Circuit Court of Yell County, Arkansas, in Case No. P 2012-14 entered an Order of Involuntary Admission to the Arkansas State Hospital for a period of seven (7) days from the date of detention for evaluation to determine whether treatment for drug dependency or mental illness is appropriate.

5. That the Defendant agreed to the admission and was released without a finding of mental illness.

6. That Act No. 74 § 3 of 1987 enacted February 19, 1987 allowed the Governor or Bureau of Alcohol, Tobacco and Firearms to determine which such persons convicted of a felony, adjudicated mentally ill, or committed to a mental institution should be relieved of the restriction of not being allowed to possess or own a firearm. Under the current procedures only felons have a mechanism

---

[2] Arkansas Code Annotated section 5-73-103 (Supp. 2013), Firearm Possessions–Restrictions, provides in part:

(a) Except as provided in subsection (d) of this section or unless authorized by and subject to such conditions as prescribed by the Governor, or his or her designee, or the Bureau of Alcohol, Tobacco, Firearms and Explosives of the United States Department of Justice, or other bureau or office designated by the United States Department of Justice, no person shall possess or own any firearm who has been:
(1) Convicted of a felony;
(2) Adjudicated mentally ill; or
(3) Committed involuntarily to any mental institution.

While Gooch was initially charged with a Class D felony, the charge was later amended to a Class A misdemeanor. *See* Ark. Code Ann. § 5-73-103(c).

to restore their right to possess or own a firearm. In addition, the Federal NICS Improvement Act of 2007 (NIAA) allows states to implement procedures for the restoration of gun rights to persons adjudicated mentally ill or committed to a mental institution.

7. That A.C.A 5-73-103(a)(3) is constituently [sic] flawed in that it violates the Due Process Clause of both the Arkansas and United States Constitution and the 2nd Amendment of the United States Constitution and articles 2 Section 5 of the Constitution of Arkansas.

Gooch asked that his motion to dismiss be granted, that section 5-73-103(a)(3) be declared "violative of the Arkansas and United States Constitution, hence unconstitutional," and for any other proper relief.

On December 12, 2013, the circuit court held a hearing on Gooch's motion to suppress evidence and motion to dismiss. The court denied the motion to suppress, and that ruling is not at issue on appeal. Gooch testified that an involuntary commitment had been filed against him on March 29, 2012. According to Gooch, he volunteered to go into the hospital, and the judge explained to him that it was still an involuntary commitment. Gooch believed that he went to a facility in Searcy, in White County. He testified that he was sent back home a few days early; that he thought "they said something about seven days"; that he thought he stayed about five days; and that he did not see a psychiatrist or psychologist. Gooch testified that when he was arrested for possession of a firearm by certain persons, he had his double-barrel shotgun in his truck. He further testified that he was not evaluated at the facility, and no tests were taken. In response to being asked whether there was a way to get his gun rights back, Gooch responded that he hoped so but that he did not know of a way other than with an appeal. The State, at the beginning of its cross-examination, introduced without objection the order of involuntary admission from March 29, 2012, in case number

P–2012-14. In its order, the court found probable cause to believe that Gooch had a mental illness, disease or disorder and therefore posed a clear and present danger to himself and others. The court had Gooch admitted involuntarily to the Arkansas State Hospital or other appropriate facility for a period of seven days for evaluation to determine whether treatment was appropriate. Gooch testified that he thought he had been held for five days under that order and that he understood he could not leave until he was released.

The parties made very brief arguments to the court. Gooch's counsel argued that there was no mechanism for him to "do that," presumably referring to getting his gun rights back, and therefore the statute as applied to him is unconstitutional. He also contended that Gooch was admitted for observation and not a "full blown commitment." The prosecution argued that Gooch's admission was involuntary and met the definition of the statute. The court took the matter under advisement, and an order was entered on December 31, 2013. The court denied the motion to dismiss, reasoning that regardless of the fact that Gooch did not object to the allegations in the petition for involuntary commitment, the court had found probable cause to believe that he had a mental illness, disease or disorder and by reason thereof he posed a clear and present danger to himself or others; that the purpose of the statute under which Gooch was charged was to keep firearms out of the hands of persons who have been formally adjudicated as irresponsible or dangerous (citing *Reynolds v. State*, 18 Ark. App. 193, 712 S.W.2d 329 (1986)); and that there was insufficient evidence that the finding in the probate order regarding Gooch posing a danger to himself or others had been alleviated to a point that the firearm prohibition set out in section 5-73-103 should not apply to him as designated by the purpose of that statute.

SLIP OPINION

On January 23, 2014, the parties appeared before the circuit court for a plea hearing. The following documents were introduced: Defendant's No Contest Plea Statement/Conditional Plea; Waiver of Jury. Gooch's attorney provided a factual basis for the plea to the court, to which Gooch agreed and which provided the basis for the court's finding of guilt. That factual basis was that there was an order entered committing Gooch to the State Hospital or other appropriate facility; subsequently, he was found in possession of a firearm, specifically, a double-barrel shotgun, by the chief of police. Gooch pled no contest to Class A misdemeanor possession of a firearm by certain persons, and the court accepted the plea and the prosecution's sentencing recommendation. Gooch was sentenced to seventy-seven days in the Yell County Detention Center, with credit for seventy-seven days served, twelve months' probation, $150 in court costs, a $250 fine, and a $25 public defender user fee. The plea was expressly conditioned on Gooch's ability to appeal the denial of his pretrial motions to suppress and to dismiss. The sentencing order was filed on January 24, 2014, and Gooch filed a timely notice of appeal.

For his first point on appeal, Gooch argues that the circuit court erred in denying his motion to dismiss because he had not been adjudicated mentally ill or committed involuntarily to a mental institution within the meaning of Ark. Code Ann. § 5-73-103(a)(2) & (3). Gooch describes the history of the probate case in which the order of involuntary admission was entered and outlines the procedure set out in Chapter 47, Treatment of the Mentally Ill, subchapter 2, Commitment and Treatment, of Title 20 of the Arkansas Code. He argues that he was never committed for treatment but only for evaluation, and the petition for involuntary commitment should have been dismissed under Ark. Code Ann. § 20-47-

213(e). The State responds that this argument is a challenge to the sufficiency of the evidence, and Gooch waived his right to make this argument when he pled no contest. We agree.

Except as provided by Arkansas Rule of Criminal Procedure 24.3(b), there shall be no appeal from a plea of guilty or nolo contendere. Ark. R. App. P.–Crim. 1 (2014). Arkansas Rule of Criminal Procedure 24.3 provides in pertinent part:

> With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment,
>
> (i) to review an adverse determination of a pretrial motion to suppress seized evidence or a custodial statement;
>
> (ii) to review an adverse determination of a pretrial motion to dismiss a charge because not brought to trial within the time provided in Rule 28.1(b) or (c); or
>
> (iii) to review an adverse determination of a pretrial motion challenging the constitutionality of the statute defining the offense with which the defendant is charged.

Ark. R. Crim. P. 24.3(b) (2014).[3] Gooch's argument that he was never formally adjudicated as having a mental illness or involuntarily committed to a mental institution, as required by section 5-73-103(a)(2), (3), is a challenge to whether the facts of his case fit the elements of the criminal statute to which he pled no contest. Where a defendant has entered a conditional guilty plea, this court has declined to reach the merits of the appellant's challenge to the sufficiency of the evidence and the factual basis for his plea. *Frette v. City of Springdale*, 331 Ark. 103, 108, 959 S.W.2d 734, 736 (1998); *see also Wagner v. State*, 2010 Ark. 389, 368

---

[3]This court has recognized two other exceptions to the general rule that there is no right to appeal from a guilty plea, neither of which is applicable in the present case. *See Seibs v. State*, 357 Ark. 331, 166 S.W.3d 16 (2004).

S.W.3d 914 (dismissing point on appeal because it was not a cognizable appeal from a conditional plea of guilt). Gooch's argument challenging the sufficiency of the evidence is not properly before us, and we dismiss on this point.

For his second point on appeal, Gooch argues that Arkansas Code Annotated section 5-73-103(a)(3) violates his Due Process rights in that it is impermissibly vague and unreasonably deprives him of his liberty and property. For his third and final point on appeal, Gooch argues that section 5-73-103(a)(3) violates the Second Amendment to the United States Constitution and article 2, section 5 of the Constitution of Arkansas because it "deprives individuals of their 2nd Amendment rights to keep and bear arms even though they have not been adjudicated mentally ill and the Petition for Involuntary Commitment was dismissed or should have been dismissed per A.C.A. § 20-47-213(c)."

While he mentioned the Due Process Clause and the Second Amendment in paragraph 7 of his motion to dismiss, Gooch did not develop his arguments before the trial court beyond the bare assertion that section 5-73-103(a)(3) was unconstitutional under those constitutional provisions. Gooch did not argue below that the statute was void for vagueness. In criminal cases, issues raised, including constitutional issues, must be presented to the trial court to preserve them for appeal. *Standridge v. State*, 357 Ark. 105, 118, 161 S.W.3d 815, 822 (2004). We will not consider an argument raised for the first time on appeal. *Smith v. State*, 354 Ark. 226, 242, 118 S.W.3d 542, 551 (2003). A party cannot change the grounds for an objection or motion on appeal, but is bound by the scope of arguments made at trial. *Id.* This court has stated that the circuit court must have the benefit of the development of the law by the parties in order to rule adequately on the issues. *Talbert v. State*, 367 Ark. 262, 265, 239 S.W.3d 504,

508 (2006).  We will not address an issue that is fully developed for the first time on appeal. *Raymond v. State*, 354 Ark. 157, 168, 118 S.W.3d 567, 574 (2003).  Here, Gooch failed to raise his void-for-vagueness argument below, and he failed to develop his right-to-bear-arms arguments, instead presenting only conclusory statements to the trial court.  Finally, we note that while Gooch stated in his motion to dismiss that "[u]nder the current procedures only felons have a mechanism to restore their right to possess or own a firearm," he failed to obtain a ruling from the circuit court on that issue.  It is incumbent upon an appellant to obtain a ruling from the trial court in order to preserve an argument for appeal.  *Standridge*, *supra*.  For the above-noted reasons, we affirm without reaching the merits of Gooch's constitutional arguments.

Dismissed in part; affirmed in part.

*John C. Burnett*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.