Cite as 2016 Ark. 5

# SUPREME COURT OF ARKANSAS.

No. CR-15-862

| | | |
|---|---|---|
| JAMES BRIAN WRIGHT | | **Opinion Delivered** January 7, 2016 |
| | PETITIONER | |
| | | PRO SE MOTION FOR BELATED APPEAL |
| V. | | OF JUDGMENT OF CONVICTION |
| | | [SEBASTIAN COUNTY CIRCUIT COURT, |
| STATE OF ARKANSAS | | FORT SMITH DISTRICT, NO. 66CR-10-882] |
| | RESPONDENT | |
| | | MOTION DISMISSED. |

## PER CURIAM

On March 28, 2011, judgment was entered in the Sebastian County Circuit Court reflecting that James Brian Wright had entered a plea of guilty to two counts of forgery in case no. 66CR-10-882. An aggregate sentence of 60 months' imprisonment was imposed.

On October 22, 2015, Wright tendered to this court a certified copy of the 2011 judgment with his pro se motion for leave to proceed with a belated appeal of the judgment. The motion is dismissed because it was not timely tendered to this court and because the judgment was entered on a plea of guilty.

Belated appeals in criminal cases are governed by Rule 2(e) of the Arkansas Rules of Appellate Procedure–Criminal (2015). The rule provides in pertinent part that "no motion for belated appeal shall be entertained by the Supreme Court unless application has been made to the Supreme Court within eighteen (18) months of the date of entry of judgment or entry of the order denying postconviction relief from which the appeal is taken." Wright filed his motion more than eighteen months after the judgment had been entered. Wright argues that

he should be allowed to appeal because his attorney erred by not appealing the judgment, but the eighteen-month period applies even to cases where the attorney admits fault for not pursuing an appeal from an appealable judgment. *See Bennett v. State*, 362 Ark. 411, 208 S.W.3d 775 (2005) (per curiam).

Moreover, even if the motion had been timely filed, Arkansas Rule of Appellate Procedure–Criminal 1(a) (2015) provides that there is no direct appeal from a plea of guilty. An exception is created when a conditional plea of guilty is premised on an appeal of the denial of a suppression motion pursuant to Arkansas Rule of Criminal Procedure 24.3 (2015). *See Seibs v. State*, 357 Ark. 331, 166 S.W.3d 16 (2004); *see also Gooch v. State*, 2015 Ark. 227, 463 S.W.3d 296.

Two additional exceptions to the general rule, as set out in *Seibs* and *Grissom v. State*, 2009 Ark. 328 (per curiam), are (1) when there is a challenge to testimony or evidence presented before a jury in a sentencing hearing separate from the plea itself and (2) when the appeal is from a posttrial motion challenging the validity and legality of the sentence itself. *See Bradford v. State*, 351 Ark. 394, 94 S.W.3d 904 (2003). Absent one of the exceptions, a defendant waives his right to appeal when he pleads guilty. *Nelson v. State*, 2012 Ark. 217 (per curiam); *Smith v. State*, 2011 Ark. 54 (per curiam); *Grissom*, 2009 Ark. 328; *see also Berry v. City of Fayetteville*, 354 Ark. 470, 125 S.W.3d 171 (2003); *Barnett v. State*, 336 Ark. 165, 984 S.W.2d 444 (1999). We have held, however, that an appeal may be taken after a guilty plea when the petitioner alleges evidentiary errors that arose after the plea and during the sentencing phase, regardless of whether a jury was impaneled for that phase of trial. *See Griffin v. State*, 2015 Ark. 340, ___ S.W.3d ___. Wright does not contend that his plea was conditional or that it

otherwise met any of the exceptions that would allow for an appeal from the judgment. For that reason, his motion for belated appeal would have been subject to dismissal had it been tendered within the time limitations of Rule 2(a). *See Nelson*, 2012 Ark. 217; *see also Smith*, 2011 Ark. 54.

Motion dismissed.