

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-15-1037

| | | |
|---|---|---|
| WESLEY L. WOOLEY<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br>APPELLEE | | **Opinion Delivered** June 22, 2016<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SECOND DIVISION<br>[NO. 60CR2014-4128]<br><br>HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

**PHILLIP T. WHITEAKER, Judge**

Appellant Wesley Wooley was charged with one count of first-degree murder and one count of aggravated robbery. Wooley pled guilty to, and was found guilty of, both counts. On appeal, Wooley's counsel has filed a motion to withdraw as counsel and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k) (2015). Wooley was notified of his right to file pro se points, but he did not do so.

As a general rule, a defendant has no right to appeal from a plea of guilty. Ark. R. App. P.–Crim. 1(a) (2015). A defendant may appeal from a guilty plea under three limited exceptions: (1) a conditional guilty plea under certain specified circumstances pursuant to

Arkansas Rule of Criminal Procedure 24.3(b)[1]; (2) where the assignment of error is from a sentence or sentencing procedure that was not an integral part of the acceptance of the plea, *see Burgess v. State*, 2016 Ark. 175, ___ S.W.3d ___[2]; and (3) an appeal from a guilty plea when the issue on appeal is one of evidentiary errors that arose after the plea but during the sentencing phase of the trial, regardless of whether a jury was impaneled or the trial judge sat as the trier of fact during that phase. *Johnson v. State*, 2010 Ark. 63; *King v. State*, 2013 Ark. App. 342.

Here, Wooley pled guilty without an agreed recommended sentence from the prosecuting attorney. At the sentencing hearing, the court received evidence, and Wooley made two evidentiary objections. At the conclusion of the hearing, the circuit court sentenced him to fifty years on each count, to be served concurrently. We conclude that Wooley's appeal is appropriate under the third exception to the general rule.

The test for filing a no-merit brief is not whether there is any reversible error, but rather whether an appeal would be wholly frivolous. *Kindle v. State*, 2015 Ark. App. 13; *Gaines v. State*, 2014 Ark. App. 651. We have reviewed the entire record and counsel's brief and conclude that Wooley's counsel has adequately addressed each of the objections raised at sentencing and explains why they would not present a meritorious issue on appeal. Therefore, pursuant to sections (a) and (b) of *In re Memorandum Opinions*, 16 Ark. App. 301,

---

[1] This exception does not apply because Wooley did not enter a conditional plea under Rule 24.3(b).

[2] This exception does not apply because any alleged error would not pertain to the sentence or sentencing procedure itself.



700 S.W.2d 63 (1985), we issue this memorandum opinion granting counsel's motion to be relieved and affirming Wooley's conviction and sentence.

Affirmed; motion to withdraw granted.

KINARD and HIXSON, JJ., agree.

*William R. Simpson, Jr.*, Pub. Def., and *Brett Qualls*, Deputy Pub. Def., by: *Margaret Egan*, Deputy Pub. Def., for appellant.

No response.