SLIP OPINION

Cite as 2017 Ark. App. 25

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-16-477

| | |
|---|---|
| JACKIE RENAY MATTHEWS<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** January 18, 2017<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION<br>[NO. 60CR-10-4350]<br><br>HONORABLE LEON JOHNSON, JUDGE<br><br>APPEAL DISMISSED; MOTION TO WITHDRAW GRANTED |

## WAYMOND M. BROWN, Judge

Appellant appeals from the circuit court's order revoking her probation. Appellant's counsel has filed a no-merit brief and a motion to withdraw pursuant to *Anders v. California*[1] and Arkansas Supreme Court Rule 4-3(k),[2] stating that there are no meritorious grounds to support the appeal. The clerk mailed a certified copy of counsel's motion and brief to appellant, informing her of her right to file pro se points for reversal. Appellant failed to file pro se points for reversal. We dismiss and grant counsel's motion to withdraw.

On August 19, 2010, appellant was charged by felony information with aggravated assault on a family or household member, a Class D felony. Appellant signed a no-contest

---

[1] 386 U.S. 738 (1967).

[2] (2011).

SLIP OPINION

plea statement on February 22, 2012, and was sentenced to sixty months' probation as reflected in the court's March 7, 2012 sentencing order. Appellee filed a petition for revocation of appellant's probation on May 13, 2013, alleging that appellant had violated the terms of her probation by failing to make her monthly visits to her probation officer, to maintain current information, to pay her fines and court costs within the specified time frame, and to provide proof of completion of anger-management classes within the specified time frame. Appellant signed a revocation plea statement on May 29, 2013, and was sentenced to sixty months' probation as reflected in the circuit court's June 17, 2013 sentencing order.

Appellee filed its second petition for revocation on November 22, 2013, alleging that appellant violated the terms of her probation by failing to report to her probation officer, to pay her fines and court costs, and to provide proof of completion of anger-management classes. Appellant signed a revocation plea statement on January 9, 2014, and was sentenced to sixty months' probation as reflected in the circuit court's March 5, 2014 sentencing order.

Appellee filed its third petition for revocation on December 15, 2014, alleging appellant violated the terms of her probation by failing to report to her probation officer and to provide proof of completing anger-management and drug-treatment classes. Appellant signed a revocation plea statement on March 14, 2016. A hearing on appellee's petition was held on April 11, 2016, at the conclusion of which appellant was sentenced to thirty-six months' imprisonment in the Arkansas Department of Correction and twenty-four months' suspended imposition of sentence. This timely appeal followed.

SLIP OPINION

In compliance with *Anders* and Rule 4–3(k), counsel ordered the entire record and found that after a conscientious review of the record, there are no issues of arguable merit for appeal. However, as a general rule, a defendant has no right to appeal from a plea of guilty.[3] A defendant may appeal from a guilty plea under three limited exceptions: (1) a conditional guilty plea under certain specified circumstances pursuant to Arkansas Rule of Criminal Procedure 24.3(b); (2) where the assignment of error is from a sentence or sentencing procedure that was not an integral part of the acceptance of the plea; and (3) an appeal from a guilty plea when the issue on appeal is one of evidentiary errors that arose after the plea but during the sentencing phase of the trial, regardless of whether a jury was impaneled or the trial judge sat as the trier of fact during that phase.[4] Appellant's appeal does not fit any exception. Accordingly, appellant's appeal is not permitted and, therefore, must be dismissed.

Appeal dismissed; motion to withdraw granted.

GLOVER and WHITEAKER, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, Allen Jones, Rule XV Student, by: *Margaret Egan*, Deputy Public Defender, for appellant.

No response.

---

[3] *Wooley v. State*, 2016 Ark. App. 343, at 1 (citing Ark. R. App. P.–Crim. 1(a) (2015)).

[4] *Id.*, at 1–2 (citing *Burgess v. State*, 2016 Ark. 175, 490 S.W.3d 645; *Johnson v. State*, 2010 Ark. 63; *King v. State*, 2013 Ark. App. 342).