SLIP OPINION

Cite as 2017 Ark. App. 100

# ARKANSAS COURT OF APPEALS
## DIVISIONS I & II
### No. CR–16–740

JUSTIN CARTWRIGHT

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**OPINION DELIVERED:** FEBRUARY 22, 2017

APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT
[NO. 35CR-15-108-2]

HONORABLE ROBERT H. WYATT, JR., JUDGE

DISMISSED

## ROBERT J. GLADWIN, Judge

Appellant Justin Cartwright appeals the April 27, 2016 sentencing orders of the Jefferson County Circuit Court pursuant to which he was sentenced to a total of 696 months in the Arkansas Department of Correction (ADC). He argues that the trial court abused its discretion in failing to follow the sentencing mandates of Arkansas Rule of Criminal Procedure 25 (2016). We dismiss.

Appellant was charged in case no. CR–2015–103 with two counts of aggravated robbery, possession of a firearm by certain persons, and theft by receiving. In case no., CR–2015–108, he was charged with escape and second-degree battery. Negotiations led to a plea agreement providing that if appellant entered a plea of guilty to all charges, the State would recommend that he be sentenced to twenty years in the ADC on all counts in the first case with another six years concurrent on the charge of second-degree battery in the second case. These would be served concurrently with the ADC sentence appellant was

then serving from a prior conviction. In addition, appellant would be required to testify truthfully against codefendant Corderro Foster at Foster's jury trial that was scheduled to take place by February 10, 2016.

On February 5, 2016, appellant entered guilty pleas in the above-described cases, and in open court with counsel present and participating, appellant provided a factual basis for the charges and admitted guilt to the trial court. The trial court found the plea to be knowing and voluntary and also found a factual basis for the plea. The trial court acknowledged appellant's counsel's explanation that appellant was required to testify truthfully against Foster as part of the plea agreement and asked appellant if he was aware of his obligations in order to get his "guaranteed sentence." Appellant responded in the affirmative. The trial court then accepted appellant's guilty plea but deferred sentencing until "at least February 10th," presumably subsequent to the conclusion of Foster's jury trial.

On March 4, 2016, at the deferred sentencing proceeding, the State explained to the trial court that appellant's testimony at Foster's trial was the complete opposite of what his counsel had previously led the State to expect. Appellant testified that another individual on the evidence videos had assisted him in the robberies rather than Foster. As a result, the State moved to withdraw its plea offer. Although defense counsel argued that appellant testified truthfully, the trial court allowed the State to withdraw its sentencing recommendation, stating,

> I did not accept any type of recommendation from the State. All I accepted was the guilty plea from [appellant] based on what [appellant] did during the aggravated robbery and during the escape. So, [appellant] has been found guilty by the Court. And now the State is withdrawing their recommendation. So, [appellant] will be sentenced by the Court without a recommendation from the State. Do you have anything you want me to consider before I pronounce sentence?

Appellant's attorney responded that appellant admitted his involvement and requested that appellant receive the same sentence that Foster received at trial. Appellant made no attempt to withdraw his guilty plea.

The trial court sentenced appellant to 600 months in the ADC on each count of aggravated robbery, 180 months for possession of a firearm, and 96 months for theft by receiving, all set to run concurrently, in case no. CR 2015-103. In case no. CR 2015-108, the trial court sentenced appellant to 300 months for escape and 96 months for second-degree battery, running concurrent to each other but consecutive to case no. CR 2015-103. All sentences would be consecutive to the sentence that appellant was already serving in the ADC.

A decision to allow alternative sentencing is reviewed for an abuse of discretion. *Steele v. State*, 2014 Ark. App. 257, 434 S.W.3d 424. This standard is a high threshold and requires that a trial court act improvidently, thoughtlessly, or without due consideration. *Id.*

Appellant argues that the trial court abused its discretion in failing to follow the sentencing mandates of Arkansas Rule of Criminal Procedure 25. Specifically, appellant argues that the sentencing orders should be reversed and remanded for resentencing or dismissed because the trial court was in violation of Arkansas Rule of Criminal Procedure 25.3(c), which sets forth the responsibilities of the trial judge concerning plea agreements:

> If the parties have not sought the concurrence of the trial judge in a plea agreement or if the judge has declined to indicate whether he will concur in the agreement, he shall advise the defendant in open court at the time the agreement is stated that:
>
> (i)     the agreement is not binding on the court; and

> (ii)     if the defendant pleads guilty or nolo contendere the disposition may be different from that contemplated by the agreement.

The trial court specifically stated that "it did not accept any type of recommendation from the State." Because the trial court declined to indicate that it concurred in the agreement, appellant maintains that it had a duty and a responsibility under Rule 25 to inform him that the agreement was not binding on the trial court and that the disposition might be different from that contemplated by the agreement. Appellant urges that the trial court violated the mandatory language in Rule 25 because he was unaware of the potential outcomes of his agreement. *See Bradford v. State*, 351 Ark. 394, 94 S.W.3d 904 (2003).

In addition, appellant argues that there was insufficient evidence presented to the trial court that he had violated the terms of his agreement with the State. Appellant asserted that he had testified truthfully at trial, and the State presented no contrary evidence to the trial court. Appellant claims that it was the State that erred by not having him proffer his testimony prior to its presentation at Foster's trial. All it had was an alleged assertion by appellant's counsel of the expected testimony and nothing provided from appellant himself.

In *Wright v. State*, 2016 Ark. 5, our supreme court reiterated that Arkansas Rule of Appellate Procedure–Criminal 1(a) (2016) provides that there is no direct appeal from a plea of guilty. An exception is created when a conditional plea of guilty is premised on an appeal of the denial of a suppression motion pursuant to Arkansas Rule of Criminal Procedure 24.3. *See Gooch v. State*, 2015 Ark. 227, 463 S.W.3d 296. The court noted the two additional exceptions to the general rule as set out in *Grissom v. State*, 2009 Ark. 328 (per curiam), and *Seibs v. State*, 357 Ark. 331, 166 S.W.3d 16 (2004): (1) when there is a challenge to testimony or evidence presented before a jury in a sentencing hearing separate from the plea

itself and (2) when the appeal is from a posttrial motion challenging the validity and legality of the sentence itself. *Wright, supra; see also Bradford*, *supra*. Absent one of the exceptions, a defendant waives his right to appeal when he pleads guilty. *Wrigh*, *supra*; *Nelson v. State*, 2012 Ark. 217 (per curiam).

Because this case does not meet the requirements for any of the exceptions that would allow for an appeal from the judgment, we dismiss.

Dismissed.

GLOVER, VAUGHT, and BROWN, JJ., agree.

WHITEAKER, J., concurs.

HARRISON, J., dissents.

**PHILLIP T. WHITEAKER, Judge, concurring.** I agree with the facts as set forth in the majority opinion. I further agree with the majority's conclusion that under the current status of the law, Cartwright is precluded from challenging his guilty plea on appeal. As a general rule, a defendant has no right to appeal from a plea of guilty. *Matthews v. State*, 2017 Ark. App. 25; *Wooley v. State*, 2016 Ark. App. 343, at 1 (citing Ark. R. App. P.–Crim. 1(a) (2015)). A defendant may appeal from a guilty plea under three limited exceptions: (1) a conditional guilty plea under certain specified circumstances pursuant to Arkansas Rule of Criminal Procedure 24.3(b); (2) where the assignment of error is from a sentence or sentencing procedure that was not an integral part of the acceptance of the plea; and (3) an appeal from a guilty plea when the issue on appeal is one of evidentiary errors that arose after the plea but during the sentencing phase of the trial, regardless of whether a jury was impaneled or the trial judge sat as the trier of fact during that phase. *Matthews*, *supra* (citing

*Wooley v. State*, *supra*; *Burgess v. State*, 2016 Ark. 175, 490 S.W.3d 645; *Johnson v. State*, 2010 Ark. 63; *King v. State*, 2013 Ark. App. 342). Cartwright's appeal does not fit any exception. Therefore, I must concur in the outcome as outlined above. I write separately, however, to note an apparent gap in our rules.

The dissent relies on our supreme court's decision in *Bradford v. State*, 351 Ark. 394, 94 S.W.3d 904 (2003) and Rule 25.3 of the Arkansas Rules of Criminal Procedure in an attempt to salvage Cartwright's ability to appeal. I do not find either of these to be apposite. Rule 25.3, by its very language, contemplates *the trial court's* decision to vary from the sentencing recommendations or concessions of the plea agreement. When a trial court decides to vary from the sentencing recommendations or concessions of the plea agreement, the trial court is then required to inform the defendant of his right to withdraw the plea or to advise the defendant that the agreement is not binding on the court. Our supreme court in *Bradford* allowed an appeal from a guilty plea when the trial court ordered Bradford to be resentenced after it had accepted a guilty plea and the negotiated sentencing recommendations. The supreme court held that the trial court failed to comply with the mandatory requirements of Rule 25.3 by advising Bradford of his right to either affirm or withdraw his plea.

That is not what occurred here. Here, the court did not decide to vary from the terms of the agreement; the State withdrew its recommendation. Rule 25.3 does not address the situation in which the State withdraws its sentencing recommendations or concessions after the plea but prior to sentencing. While Rule 26.1 contemplates a defendant's ability to withdraw a plea under these circumstances, nothing in our rules requires the court to advise

the defendant that he has either the ability or the opportunity to do so. Thus, it is my opinion that under the current state of the law, we are required to dismiss Cartwright's appeal. Any change in the law to address this gap must come through either a decision of our supreme court or through an amendment to our rules.

**BRANDON J. HARRISON, Judge, dissenting.** This case asks whether the circuit court should have told Justin Cartwright, pursuant to Rule 25.3 of the Arkansas Rules of Criminal Procedure, that he had a right to affirm or withdraw his guilty plea before the court deviated upward from the negotiated, written plea agreement's bargained-for sentence concession. The majority has taken a position that not even the State has pressed: Cartwright cannot appeal. I respectfully disagree. Cartwright should be allowed to appeal to this court given the particular issue in play and a supreme court case on point.

Cartwright challenges the sentencing orders the court entered after it had accepted his plea of guilty in February 2016 and sentenced him during the March 2016 hearing. During the second hearing the court rejected the plea agreement's sentence concession after it had accepted the State's argument, through its lawyer, that Cartwright breached the terms. Cartwright's lawyer countered that he had not breached the agreement. (No actual evidence of a breach was ever presented.) Having accepted the State's argument, the circuit court kept intact Cartwright's prior plea of guilty to numerous charges but did not sentence him pursuant to the negotiated, written plea agreement. Cartwright argues here that *Bradford v. State*, 351 Ark. 394, 94 S.W.3d 904 (2003) requires that we reverse the sentencing orders and dismiss the charges because the circuit court did not comply with Arkansas Rule of Criminal Procedure 25.3's notice provisions.

Here is all of Rule 25.3:



(a) The judge shall not participate in plea discussions.

(b) If a plea agreement has been reached which contemplates entry of a plea of guilty or nolo contendere in the expectation that the charge or charges will be reduced, that other charges will be dismissed, or that sentence concessions will be granted, upon request of the parties the trial judge may permit the disclosure to him of the agreement and the reasons therefor in advance of the time for tender of the plea. He may then indicate whether he will concur in the proposed disposition. If, after the judge has indicated his concurrence with a plea agreement and the defendant has entered a plea of guilty or nolo contendere, but before sentencing, the judge decides that the disposition should not include the charge or sentence concessions contemplated by the agreement, he shall so advise the parties and then in open court call upon the defendant to either affirm or withdraw his plea.

(c) If the parties have not sought the concurrence of the trial judge in a plea agreement or if the judge has declined to indicate whether he will concur in the agreement, he shall advise the defendant in open court at the time the agreement is stated that:

(i) the agreement is not binding on the court; and

(ii) if the defendant pleads guilty or nolo contendere the disposition may be different from that contemplated by the agreement.

(d) A verbatim record of all proceedings had in open court pursuant to subsections (b) and (c) of this rule shall be made and preserved by the court.

The majority characterized this as a Rule 25.3(c) case, which means it determined that either (1) the parties did not seek the court's concurrence in the plea agreement, or (2) the court "declined to indicate" whether it would "concur in the agreement." *Id.*

This is a Rule 25.3 subsection (b), not (c), case. Subsection (b) applies because a guilty plea was negotiated and entered with the expectation that a particular sentence concession would be granted. The "guaranteed sentence," to use the circuit court's exact phrase spoken during the February plea hearing, was the 20-year sentence the parties had negotiated and disclosed to the court. In my view the parties sought the court's concession, and the court concurred with

the agreement within the meaning of Rule 25.3(b) during the February hearing. It was then up to Cartwright to perform. The court stated during the subsequent March sentencing hearing that it had not "accepted" the sentence concession during the February hearing. I take that comment to mean the court was making clear that it had not actually imposed a sentence during the February plea hearing. The court did, however, express a rather clear indication that it would concur with the written plea agreement if Cartwright performed as expected.

Whether subsection (b) or (c) applies here, and what the legal consequence of one choice over the other may be, are not issues decided today because the majority has held that Cartwright may not even be heard to complain.

The crucial takeaway should be that Cartwright is being denied what our supreme court provided in *Bradford*: a direct appeal and merit opinion in the guilty-plea context, when the defendant challenged whether a circuit court had given the required Rule 25.3 notice before sentencing. And the majority of justices did so over a dissent that essentially (and unsuccessfully) argued the position that the majority in this case has taken.

The majority opinion little notes *Bradford* and does not try to distinguish it from this case. But we should do what the Arkansas Supreme Court did in a similar circumstance and open the Justice Building's doors to Cartwright's appeal. I express no opinion, however, on the merit of his argument.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.