Phillip T. Whiteaker, Judge, concurring. I agree with the facts as set forth in the majority opinion. I further agree with the majority’s conclusion that under the current status of the law, Cartwright is precluded from challenging his guilty plea on appeal. As a general rule, a defendant has no right to appeal from a plea of guilty. Matthews v. State, 2017 Ark. App. 25; Wooley v. State, 2016 Ark. App. 343, at 1 (citing Ark. R. App. P.-Crim. 1(a) (2015)). A defendant may appeal from a guilty plea under three limited exceptions: (1) a conditional guilty plea under certain specified circumstances pursuant to Arkansas Rule of -Criminal Procedure 24.3(b); (2) where the assignment of error is from a sentence or sentencing procedure that was not an integral part of the acceptance of the plea; and (3) an appeal from a guilty plea when the issue on appeal is one of evidentiary errors that arose after the plea but during the sentencing phase of the trial, regardless of whether a jury was impaneled or the trial judge sat as the trier of fact during that phase. Matthews, supra (citing Wooley v. State, supra; Burgess v. State, 2016 Ark. 175, 490 S.W.3d 645; Johnson v. State, 2010 Ark. 63; King v. State, 2013 Ark. App. 342). Cartwright’s appeal does not fit any exception. Therefore, I must concur in the outcome as outlined above. I write separately, however, to note an apparent gap in our rules. The dissent relies on our supreme court’s decision in Bradford v. State, 351 Ark. 394, 94 S.W.3d 904 (2003), and Rule 25.3 of the Arkansas Rules of Criminal Procedure in an attempt to salvage Cartwright’s ability to appeal. I do not find either of these to be apposite. Rule 25.3, by its very language, contemplates the trial court’s decision to vary from the sentencing recommendations or concessions of the plea agreement. When a trial court decides to vary from the sentencing recommendations or concessions of the plea agreement, the trial court is then required to inform the defendant of his right to withdraw the plea or to advise the defendant that the agreement is not binding on the court. Our supreme court in Bradford allowed an appeal from a -guilty plea when the trial court ordered Bradford to be resentenced after it had accepted a guilty plea and the negotiated sentencing recommendations. The supreme court held that the trial court failed to comply with the mandatory requirements of Rule 25.3 by advising Bradford of his right to either affirm or withdraw his plea. That is not what occurred here. Here, the court did not decide to vary from the terms of the agreement; the State withdrew its recommendation. Rule 25.3 does not address the situation in which the State withdraws its sentencing recommendations or concessions after the plea but prior to sentencing. While Rule 26.1 contemplates a defendant’s ability to withdraw a plea under these circumstances, nothing in our rules requires the court to advise Jjthe defendant that he has either the ability or the opportunity to do so. Thus, it is my opinion that under the current state of the law, we are required to dismiss Cartwright’s appeal. Any change in the law to address this gap must come through either a decision of our supreme court or through an amendment to our rules.