Cite as 2019 Ark. App. 327

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CR–18–809

| | |
|---|---|
| ELMER JOHNSTON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** June 5, 2019<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT<br>[NOS. 23CR–16–517 & 23CR–17–90]<br><br>HONORABLE CHARLES E. CLAWSON, JR., JUDGE<br><br>APPEAL DISMISSED; MOTION TO WITHDRAW GRANTED |

## N. MARK KLAPPENBACH, Judge

Appellant Elmer Johnston appeals from the circuit court's order revoking his probation. Appellant's counsel has filed a no-merit brief and a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4–3(k), stating that there are no meritorious grounds to support the appeal. The clerk mailed a certified copy of counsel's motion and brief to appellant informing him of his right to file pro se points for reversal, but appellant did not file any pro se points. We dismiss the appeal and grant counsel's motion to withdraw.

In case number 23CR–16–517, Johnston was charged with two counts of possession of a controlled substance (methamphetamine and hydrocodone pills) and two counts of possession of drug paraphernalia (pipes used to smoke methamphetamine and marijuana). In October 2016, Johnston pleaded guilty to the two drug offenses and one of the paraphernalia offenses. Johnston was placed on probation for three years, but within a few

months, the State filed a petition to revoke, alleging that he had failed to pay fines and fees and failed to report as ordered. In case number 23CR-17-90, Johnston was charged with felony theft of property in connection with the theft of a boat motor. In May 2017, Johnston pleaded guilty to violating probation, and he also pleaded guilty to the felony theft of property. In exchange for these guilty pleas, the circuit court placed Johnston on five years of probation and required his participation in Faulkner County Drug Court. Between May 2017 and May 2018, Johnston appeared at numerous hearings to check in on his progress in drug court. Johnston, however, failed to appear in court on May 11, 2018, and he failed to keep up with his court-ordered payments.

In late May 2018, the State filed petitions to revoke Johnston's probation in both cases alleging failure to appear in court and failure to make any payments due on $3975 in fines, fees, and court costs. In June 2018, Johnston appeared in court for the revocation hearing accompanied by his attorney, and he pleaded guilty to violating the conditions of probation. Johnston was informed that there was no right to appeal from a guilty plea. The circuit court sentenced him to serve six years of imprisonment on each case, to run consecutively, giving him effectively a twelve-year prison sentence. Johnston filed a pro se notice of appeal, and his attorney subsequently filed a notice of appeal.

In compliance with *Anders* and Rule 4–3(k), counsel ordered the entire record and determined that after a conscientious review of the record, there were no issues of arguable merit for appeal. Counsel correctly states that as a general rule a defendant has no right to appeal from a plea of guilty. *See Matthews v. State*, 2017 Ark. App. 25. A defendant may appeal from a guilty plea under three limited exceptions: (1) a conditional guilty plea under

certain specified circumstances pursuant to Arkansas Rule of Criminal Procedure 24.3(b); (2) when the assignment of error is from a sentence or sentencing procedure that was not an integral part of the acceptance of the plea; and (3) an appeal from a guilty plea when the issue on appeal is one of evidentiary errors that arose after the plea but during the sentencing phase of the trial, regardless of whether a jury was impaneled or the trial court sat as the trier of fact during that phase. *Wooley v. State*, 2016 Ark. App. 343; Ark. R. App. P.–Crim. 1(a). Counsel correctly states that appellant's appeal does not fit any exception to permit an appeal from a guilty plea. Counsel also correctly states that the sentences appellant received were not illegal because they fell within the permissible statutory range and that the circuit court had the discretion to run them consecutively. *See* Ark. Code Ann. §§ 5-4-401(a)(5) and 5-4-403(a) (Repl. 2013). We hold that appellant's appeal is not permitted and therefore must be dismissed.

Appeal dismissed; motion to withdraw granted.

WHITEAKER and VAUGHT, JJ., agree.

*The Hudson Law Firm, PLLC*, by: *Grace Casteel*, for appellant.

One brief only.