Cite as 2024 Ark. App. 198

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-23-260

|  |  |
|---|---|
|  | Opinion Delivered March 13, 2024 |
| ROBERT LEE BATTLES, JR.<br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRD DIVISION [NO. 60CR-21-4238] |
| V. |  |
|  | HONORABLE CATHLEEN V. COMPTON, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED; REMANDED TO CORRECT THE SENTENCING ORDER |

**KENNETH S. HIXSON, Judge**

Appellant Robert Battles appeals after he was convicted by a Pulaski County Circuit Court jury of possession of firearms by certain persons. He was sentenced as a habitual offender to serve sixty months' incarceration. On appeal, appellant argues that the circuit court "erred in not specifically finding, and stating on the record, that State's Exhibit #1 established that [appellant] had previously been convicted of a violent felony for the purpose of enhancing the felon in possession charge at issue to a Class B felony." We affirm appellant's conviction but remand for the limited purpose of correcting the sentencing order.

I. *Relevant Facts*

Appellant was charged by criminal information with possession of firearms by certain persons, a Class B felony on the basis of appellant's prior conviction for committing a violent

felony, in violation of Arkansas Code Annotated section 5-73-103(a) & (c)(1)(A) (Supp. 2021). The State further stated that appellant's sentence should be enhanced as a habitual offender pursuant to Arkansas Code Annotated section 5-4-501 (Supp. 2021). A jury trial was held on September 20, 2022.

During the trial's guilt phase, and prior to calling any witnesses, the State moved to introduce documentation pertaining to a judgment against appellant in 2009. The documentation included a copy of a judgment and disposition order that reflected appellant had pleaded guilty plea to felony aggravated assault on a family or household member committed on or about August 30, 2009, and was placed on sixty months' probation. Defense counsel stated that she had reviewed the documents and voiced "[n]o objection" to their admission, collectively, as State's exhibit 1.

Thereafter, the State presented testimony and evidence substantiating that appellant possessed a firearm on September 7, 2021. In brief summary, law enforcement responded to a report of gunshots in connection with a disturbance taking place at a residence in North Little Rock around 8:30 p.m. on September 7, 2021. The first officer at the scene, Officer Michael Stanley, testified that he overheard more gunfire before he came upon appellant, who was "holding a black handgun in his right hand." After being ordered to drop the handgun, appellant "attempted to hide it" before he eventually dropped it after being ordered again to do so. Appellant was taken into custody, and during his arrest, appellant admitted to Officer Stanley that he had "just shot" the gun in the air. Appellant claimed that he was not trying to hurt anyone but was giving "a warning shot."

2

After all the evidence had been presented, the circuit court reviewed the proposed jury instructions, including AMI Crim. 2d 7302, with both parties and no objections were raised. Moreover, there were no objections when the circuit court read the AMI Crim. 2d 7302 jury instruction to the jury and stated the following:

Robert Battles is charged with the offense of possession of a firearm. To sustain this charge, the State must prove the following things beyond a reasonable doubt:

First: That Robert Battles has been convicted of a violent felony as defined in Ark. Code. Ann. § 5-23-101(3); and

Second: That Robert Battles possessed or owned a firearm.

The jury found appellant guilty as charged. During the sentencing phase, the State introduced evidence of appellant's other prior convictions to prove that he is a habitual offender. The jury recommended that he be sentenced as a habitual offender to serve five years' imprisonment, which the circuit court imposed. This appeal followed.

II. *Previous Violent Felony*

Appellant contends that the circuit court "erred in not specifically finding, and stating on the record, that State's Exhibit #1 established that [appellant] had previously been convicted of a violent felony for the purpose of enhancing the felon in possession charge at issue to a Class B felony." The State responds that appellant's challenge is not preserved for review on appeal, and we must agree.

It is well settled that no party may assign as error the giving or failure to give an instruction unless he objects thereto before or at the time the instruction is given, stating distinctly the matter to which he objects and the grounds of his objection. *Bridges v. State*,

327 Ark. 392, 399, 938 S.W.2d 561, 565 (1997). In order to be timely, objections to jury instructions must be made either before or at the time the instruction is given, and the failure to do so constitutes a waiver of that argument on appeal. *Cornett v. State*, 2012 Ark. App. 106, at 9, 389 S.W.3d 47, 52. Further, in criminal cases, issues raised, including constitutional issues, must be presented to the circuit court to preserve them for appeal. *Gooch v. State*, 2015 Ark. 227, 463 S.W.3d 296. We will not consider an argument raised for the first time on appeal. *Id.* A party cannot change the grounds for an objection or motion on appeal, but a party is bound by the scope of arguments made at trial. *Id.*

Appellant failed to raise any objection when the State introduced the criminal conviction and, more importantly, when the circuit court read the jury instruction. In fact, appellant failed to raise his objection at any point during his trial but, instead, raises it for the first time on appeal. As such, we are precluded from addressing it because it is unpreserved.

### III. *Sentencing Order*

Finally, we note that there is a clerical error in the sentencing order. Appellant was charged as a habitual offender; appellant's prior convictions were introduced at the sentencing hearing; and the jury sentenced appellant as a habitual offender. However, the box that would indicate appellant was sentenced as a habitual offender is not checked on the sentencing order. The circuit court is free to correct a clerical error to have the judgment speak the truth. *Carter v. State*, 2019 Ark. App. 57, 568 S.W.3d 788. Thus, we affirm

appellant's conviction but remand to the circuit court with instructions to correct the sentencing order.

Affirmed; remanded to correct the sentencing order.

KLAPPENBACH and BROWN, JJ., agree.

*David Sudduth*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.